UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLTON A. WATSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:11CV1129 MLM |
| ) | |
| STATE OF MISSOURI, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

Petitioner filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging two state court judgments: a 1991 conviction for second degree assault and armed career action for which he was sentenced to five years' imprisonment, and a 1994 conviction for second degree assault and armed career action for which he was sentenced to seven years' imprisonment. Those convictions were used to enhance his sentence in United States v. Watson, 4:07-CR-148 RWS (E.D. Mo.), in which petitioner was convicted of possession with intent to distribute more than 50 grams cocaine base and felon in possession of a firearm. Petitioner argues that his 1991 and 1994 convictions were invalid because he was deprived of his right to effective counsel under the Sixth Amendment to the Constitution of the United States. Specifically, petitioner claims that counsel was ineffective for failing to advise him that his state court convictions could later be used to enhance a federal sentence.

A prisoner may not challenge an expired prior conviction used to enhance a current sentence unless there was a failure to appoint counsel in violation of <u>Gideon v. Wainwright</u>[1] in the proceeding that resulted in the prior conviction.  <u>Lackawanna County Dist. Attorney v. Coss</u>, 532 U.S. 394, 403-04 (2001).  In this case, petitioner was represented by counsel in the state criminal proceedings.  As a result, petitioner may not obtain habeas relief.

Furthermore, petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."  <u>Khaimov v. Crist</u>, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted).  Thus, the Court will not issue a certificate of appealability.  28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 14th day of September, 2011.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

---

[1] 372 U.S. 335 (1963).